Alan Harris (SBN 146079)
Abigail Treanor (SBN 228610)
David Zelenski (SBN 231768)
Matthew E Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: 323.931.3777
Fax: 323.931.3366
Email: law@harrisandruble.com;
atreanor@harrisandruble.com;
dzelenski@harrisandruble.com;
mkavanaugh@harrisandruble.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM D. SLATTERY, ROBERT LEVERETT, COURTNEY EFTEKHAR, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GOLDENTREE ASSET MANAGMENT, LP, a Delaware Limited Partnership, GTAM SPECIAL REALTY, LLC, a Delaware Limited Liability Company, FTI CONSULTING, INC., GINA GUTZEIT, RUBIN RODRIGUEZ, JOHN VISCONTE (aka Bijan Monoocheri, aka John Manocheri), RONALD D. GARBER, CHRISTY FUTAK, CHRISTOPHER TOTO, and DOE 1 through and including DOE 10,<br><br>　　　　　Defendants. | Case No: CV08-00393 ABC (AGRx)<br><br>**COMPLAINT**<br>[*Collective-Action Complaint*]<br><br>1. 29 U.S.C. § 216, Failure to Pay Minimum Wage and Overtime<br><br>2. Cal. Bus. & Prof. Code § 17200 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, and for their claims for relief against Defendants, allege:

## PARTIES AND JURISDICTION

1. Plaintiff WILLIAM D. SLATTERY ("SLATTERY") is an individual who, at time periods relevant to this Complaint, was employed by Defendants within the County of Los Angeles, State of California. ROBERT LEVERETT is an individual who, on December 12–14 and 17–18, 2007 was employed by Defendants within the County of Los Angeles, State of California. COURTNEY EFTEKHAR ("EFTEKHAR") is an individual who until early January of 2008 was a full-time employee of Defendants within the County of Los Angeles, State of California. Plaintiffs are residents of the State of California.

2. Defendants GOLDENTREE ASSET MANAGEMENT, LP ("Goldentree"), GTAM SPECIAL REALTY, LLC, a Delaware Limited Liability Company ("GTAM"), FTI CONSULTING, INC. ("FTI"), GINA GUTZEIT, RUBIN RODRIGUEZ, JOHN VISCONTE (aka Bijan Monoocheri, aka John Manocheri), RONALD D. GARBER, CHRISTY FUTAK, CHRISTOPHER TOTO, and non-Defendants AVALON VISUAL CORP. ("AVALON"), a New York Corporation, and the other Avalon and Axium entities that entered into bankruptcy with AVALON on or about January 8, 2008 (AVALON and the other, related entities that entered bankruptcy with AVALON on or about January 8, 2008 being hereinafter referred to collectively as "AXIUM"), constitute an "enterprise" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203. See 29 U.S.C. § 203(r) (defining "enterprise"). Defendants and AXIUM have been engaged in interstate commerce, with annual sales in excess of $1,000,000 and more than 100 employees.

3. This Complaint is filed and these proceedings are instituted under the Fair Labor Standards Act ("FLSA"), to obtain damages, injunctive relief and the costs of suit, including reasonable attorneys' fees, against Defendants to remedy violations of the FLSA, as alleged in greater detail below.

4. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331.

Defendants transact business, maintain offices, and are found within this judicial district. The interstate commerce described hereinafter is also carried on, in part, within this judicial district. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(b). Furthermore, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over Plaintiffs' state-law claims. There are no grounds that would justify this Court's declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1367. See 28 U.S.C. § 1367(c) (explaining grounds on which courts may decline to exercise supplemental jurisdiction).

5. Defendant Goldentree is a Delaware limited partnership, which does business within the State of California, County of Los Angeles.

6. Defendant GTAM is a Delaware limited liability company, which does business within the State of California, County of Los Angeles..

7. Defendant FTI CONSULTING, INC., is a Maryland corporation, which does business within the State of California, County of Los Angeles.

8. Defendant GINA GUTZEIT is an employee of FTI who operated the day-to-day activities of AXIUM and AVALON from November of 2007 to January of 2008 from her office on Wilshire Boulevard in Los Angeles, California.

9. Defendant RUBIN RODRIGUEZ exercised day-to-day management responsibilities with respect to AXIUM and AVALON from the date of its inception on December 31, 2002, until January of 2008.

10. Defendant JOHN VISCONTE (aka Bijan Monoocheri, aka John Manocheri) exercised day-to-day management responsibilities with respect to AXIUM and AVALON from the date of its inception until at least November of 2007.

11. Defendant RONALD D. GARBER exercised day-to-day management responsibilities with respect to AXIUM and AVALON from the date of its inception until at least November of 2007.

12. Defendant CHRISTY FUTAK exercised day-to-day management responsibilities with respect to AXIUM and AVALON from the date of its inception

1  until at least November of 2007.

2  13. Defendant CHRISTOPHER TOTO exercised day-to-day management responsibilities with respect to AXIUM and AVALON from the date of its inception until at least November of 2007.

## GENERAL ALLEGATIONS

14. Many of the relevant facts involving this case are articulated in the action entitled <u>Goldentree Asset Management LP v. John Visconti et al.</u>, Case Number CV 08-00240 VBF VBK filed in this district on January 15, 2008 (hereinafter, the "Goldentree Complaint"). On information and belief, the allegations of Paragraphs 4–11, 13–42, 47–59, 60 (save and except that allegation that "Toto . . . was entirely unaware of them until they were brought to his attention in September 2007"), 61 (save and except the allegation that "Toto learned of these account inadvertently" and "[w]hen Toto inquired about the check with Bank of America, he learned that" and there were "accounts of which Total also was not aware"), 62–72, 73 (save and except the words at page 26, line 19 "without the consent of Toto"), 75, 76 (save and except allegations of "good faith"), 77–86, 87 (excluding the allegations at page 20, lines 15–18), and 91–94 are accurate and incorporated herein by reference.

15. On information and belief, at some point in the second half of 2007, Goldentree effectively took over management of Axium International, Inc. and Axium Holdings, Inc. and all of their subsidiaries included within the AXIUM companies. In November of 2007, acting pursuant to the Forbearance Agreement referenced in paragraph 76 of the Goldentree Complaint, Goldentree, GTAM, and FTI replaced VISCONTI and GARBER with GUTZEIT. Thereafter, GUTZEIT was responsible for day-to-day management of AXIUM, replacing VISCONTI and GARBER in day-to-day management of AXIUM. GUTZEIT signed all paychecks issued by AXIUM, including those previously executed by GARBER.

16. Defendants employed SLATTERY from in or around April 2006 until on or about May 26, 2006.

17. During his employment with Defendants, SLATTERY performed labor for Defendants as a courier, on some occasions working in excess of eight hours per day and in excess of forty hours per week, working without the rest periods or meal breaks required by law.

18. All or the vast majority of SLATTERY's workweek and the workweek of Defendants' other employees was spent performing non-exempt functions. SLATTERY and Defendants' other employees would often work in excess of eight hours per day and forty hours per week.

19. SLATTERY and Defendants' other courier employees were paid by Defendants on a piece-rate basis. In other words, they were paid according to the number of deliveries that they would complete. However, the compensation scheme was such that their hourly pay would often fall below both the minimum wage and the overtime rate at which they should have been compensated.

20. On or about May 26, 2006, SLATTERY ceased working for Defendants.

21. LEVERETT worked for Defendants on December 12–14 and 17–18, 2007, but has never been paid for his services.

22. EFTEKHAR worked for Defendants continuously until early January of 2008, but has not been paid for her final days or work, or accrued vacation days.

23. At all relevant times mentioned herein, section 213 of the California Labor Code provided:

> Nothing . . . shall: . . . . (d) Prohibit an employer from depositing wages due or to become due or an advance on wages to be earned in an account in any bank, savings and loan association, or credit union of the employee's choice . . . . If an employer discharges an employee or the employee quits the employer may pay the wages earned and unpaid at the time the employee is discharged or quits by making a deposit authorized pursuant to this subdivision, *provided that the employer complies with the provisions of this article relating to the payment of wages upon termination or quitting of employment.*

Id. § 213(c) (emphasis supplied).

24. At all relevant times mentioned herein, section 201 of the California Labor Code provided that "wages earned and unpaid at the time of discharge are due and

1  payable immediately." Cal. Lab. Code § 201(a). Similarly, section 202 of the California
2  Labor Code provided:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

Id. § 202(a).

25.  At all relevant times mentioned herein, section 203 of the California Labor Code provided:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commenced; but the wages shall not continue for more than 30 days.

Id. § 203.

26.  At all relevant times mentioned herein, section 204 of the California Labor Code provided that "[a]ll wages, other than those mentioned in Section 201, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Id. § 204. Defendants have violated section 204 by failing to provide their 247 Courier employees with payment of all minimum and overtime wages earned, at least twice each month.

27.  SLATTERY did not receive a final paycheck from Defendants until on or after June 1, 2006, when Defendants prepared his check. SLATTERY contends that other courier employees of Defendants were also paid late after they had ceased working for Defendants, whether having quit (section 202), or having been otherwise terminated (section 201), all in violation of section 201 and of section 213(c) with respect to employees receiving final wages by direct deposit. Even though SLATTERY and Defendants' other courier employees worked in excess of forty hours per week, the compensation scheme to which they were subject was such that they often received

neither the minimum wage nor the overtime compensation to which they were entitled. SLATTERY contends that this violates 29 U.S.C. §§ 206 and 207 and that, accordingly, Defendants' other courier employees and he are entitled to recover in a civil action the unpaid balance of the full amount of their unpaid minimum-wage and overtime compensation, liquidated damages, attorneys' fees and costs.

28. LEVERETT and EFTEKHAR have yet to be paid for all of their services for Defendants.

29. At all relevant times mentioned herein, the FLSA provided:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than [the minimum wage]."

29 U.S.C. § 206(a).

30. In addition, at all relevant times mentioned herein, the FLSA provided:

> (a) . . . . (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.
>
> . . . .
>
> (g) Employment at piece rates. No employer shall be deemed to have violated subsection (a) . . . if, pursuant to an agreement or understanding arrived at between the employer and the employee before performance of the work, the amount paid to the employee for the number of hours worked by him in such workweek in excess of the maximum workweek applicable to such employee under such subsection[,] in the case of an employee employed at piece rates, is computed at piece rates not less than one and one-half times the bona fide piece rates applicable to the same work when performed during nonovertime hours

Id. § 207.

31. In addition, at all relevant times mentioned herein, 29 U.S.C. § 216 provided:

> Any employer who violates the provisions of section 6 or section 7 of this Act [29 U.S.C. §§ 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid

overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Id. § 216(b). An "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. § 203.

## FLSA COLLECTIVE-ACTION ALLEGATIONS

32. In this FLSA collective action, Plaintiffs seek to represent all individuals who were employed by Defendants with paychecks issued or to be issued by AXIUM during the three years prior to the filing of this Complaint ("Collective-Action Members").

33. Plaintiff and the Collective-Action Members are similarly situated in that (a) Plaintiff and Collective-Action Members were employees of Defendants; and (b) Defendants knowingly and willfully violated provisions of the FLSA by not paying Plaintiff and Collective-Action Members their minimum and/or overtime wages when due; and (c), as a result of Defendants' practice of withholding compensation for all hours worked, Plaintiff and Collective-Action Members have been similarly damaged in that they have not received timely payment of their earned wages.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 as to claims for unpaid minimum and/or overtime wages, liquidated damages, costs, and attorney's fees.

35. All individuals employed by Defendants should be given notice and should be allowed to give their consent in writing, in other words, to "opt in," to the collective action pursuant to 29 U.S.C. § 216.

## FIRST CLAIM FOR RELIEF

(Fair Labor Standards Act, 29 U.S.C. § 216—Minimum Wage and Overtime)

36. Plaintiffs re-plead, re-allege, and incorporate by reference each and every allegation set forth in this Complaint.

37. During their employment with Defendants, Plaintiff and other of

Defendants' employees who were paid by AXIUM worked in excess of forty hours per week. However, the compensation scheme to which they were subject was such that they often received neither the minimum wage nor the overtime compensation to which they were entitled. Accordingly, Plaintiff and Collective-Action Members are entitled to the damages specified by section 29 U.S.C. § 216, in an amount to be determined by proof.

## SECOND CLAIM FOR RELIEF

(Cal. Bus. & Prof. Code § 17200 *et seq.*—Restitution and Injunction)

38. Plaintiff re-plead, re-allege, and incorporate by reference each and every allegation set forth in this Complaint.

39. Defendants are each a "person" within the meaning of section 17201 of the California Business and Professions Code.

40. As set forth in this Complaint, Plaintiffs are informed, believe, and thereon allege that Defendants intentionally and improperly have failed to comply with the California Labor Code and the FLSA by not paying the full amounts required to be paid to employees under minimum-wages and overtime provisions.

41. Defendants' failure to comply with the California Labor Code and the FLSA has resulted in Defendants' under-reporting to federal and state authorities the wages earned by Plaintiffs and the other employees of Defendants who were issued or were to be issued paychecks by AXIUM and, therefore, in Defendants' underpaying federal and state taxes and unemployment insurance premiums.

42. Additionally, Plaintiffs are informed, believe, and thereon allege that Defendants were able to compete unfairly by not complying with the California Labor Code and the FLSA. By competing unfairly, Defendants have gained a competitive advantage over other comparable businesses and individuals working in the State of California.

43. Accordingly, Defendants' failure to comply with the California Labor Code and the FLSA is an unfair and/or unlawful business activity prohibited by section 17200

*et seq.* of the California Business and Professions Code, and it justifies the issuance of an injunction and other equitable relief pursuant to section 17203 of the California Business and Professions Code, including, *inter alia*, an injunction requiring that all employees be timely paid all accrued and unpaid overtime and minimum wages due them. All remedies are cumulative pursuant to section 17205 of the California Business and Professions Code.

44. Furthermore, Plaintiffs request attorneys' fees and costs pursuant to section 1021.5 of the California Code of Civil Procedure upon proof that he has acted in the public interest.

**WHEREFORE**, Plaintiffs pray judgment as follows:

1. That the Court certify a Collective Action or Collective Actions.

2. With respect to the First Claim for Relief, that the Court enter judgment in favor of Plaintiffs and Collective-Action Members in an amount according to proof, as well as attorney's fees and costs of suit, pursuant to 29 U.S.C. § 216.

3. With respect to the Second Claim for Relief, that it be adjudged that Defendants' violations of the California Labor Code and the FLSA constitute violations of the California Business and Professions Code. Plaintiffs therefore requests that the Court order Defendants to pay restitution to Plaintiffs and the other employees of Defendants who were issued or were to be issued paychecks by AXIUM in the form of disgorgement of the wages unlawfully retained by them with interest. Furthermore, Plaintiffs request that the Court issue an order or decree pursuant to section 17203 of the California Business and Professions Code permanently enjoining Defendants from pursuing their practice of violating the provisions hereinabove described. Finally, Plaintiffs request that the Court award Plaintiffs their reasonable attorney's fees and costs incurred in the prosecution of the Second Claim for Relief pursuant to section 1021.5 of the California Code of Civil Procedure.

/ / / / /

/ / / / /

10
COMPLAINT

4. For such other relief as the Court may order.

DATED: January 22, 2008

HARRIS & RUBLE

/s/ Alan Harris
Alan Harris
*Attorneys for Plaintiff*

Alan Harris (SBN 146079)
Matthew E. Kavanaugh (SBN 239961)
HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036
Tel: 323.931.3777

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SLATTERY, ROBERT LEVERETT, COURTNEY EFTEKHAR, individually and on behalf of all others similarly situated<br><br>PLAINTIFF(S)<br>v.<br>GOLDENTREE ASSET MANAGMENT, LP, a Delaware Limited Partnership, GTAM SPECIAL REALTY, LLC, a Delaware Limited Liability Company, FTI CONSULTING, INC., GINA GUTZEIT, RUBIN RODRIGUEZ, JOHN VISCONTE (aka Bijan Monoocheri, aka John Manocheri), RONALD D. GARBER, CHRISTY FUTAK, CHRISTOPHER TOTO, and DOE 1 through and including DOE 10<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV08-00393 ABC (AGRx)<br><br><br>SUMMONS |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
Alan Harris_____, whose address is:

HARRIS & RUBLE
5455 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90036

an answer to the ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within __20__ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

Clerk, U.S. District Court

Dated: ___JAN 2 2 2008___     By: ___LA'REE HORN___
                                   Deputy Clerk

(Seal of the Court)

| | |
|---|---|
| CV-01A (01/01) | SUMMONS |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Audrey B. Collins and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

**CV08- 393 ABC (AGRx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
WILLIAM SLATTERY, ROBERT LEVERETT, COURTNEY EFTEKHAR, individually and on behalf of all others similarly situated

**DEFENDANTS**
GOLDENTREE ASSET MANAGMENT, LP, a Delaware Limited Partnership, GTAM SPECIAL REALTY, LLC, a Delaware Limited Liability Company, FTI CONSULTING, INC., GINA GUTZEIT, RUBIN RODRIGUEZ, JOHN VISCONTE (aka Bijan Monoocheri, aka John Manocheri), RONALD D. GARBER, CHRISTY FUTAK, CHRISTOPHER TOTO, and DOE 1 through and including DOE 10

**(b) County of Residence of First Listed Plaintiff** (Except in U.S. Plaintiff Cases):
Los Angeles, CA

**County of Residence of First Listed Defendant** (In U.S. Plaintiff Cases Only):
New York, NY

**(c) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Alan Harris (SBN 146079), Abigail Treanor (SBN 228610),
David Zelenski (SBN 231768), Matthew E Kavanaugh (SBN 239961)
Harris & Ruble - 5455 Wilshire Blvd., STE 1800
Los Angeles, CA 90036   -- (323) 931-3777

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
CLASS ACTION under F.R.C.P. 23: ☐ Yes ☒ No   ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 216, Failure to Pay Minimum Wage and Overtime -- Defendants failed to compensate employees in violation of Fair Labor Standards Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

CV-71 (07/05)                                  CIVIL COVER SHEET    CV08-00393                                  Page 1 of 2

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): CV 08-00240 (VBF)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
- ☑ A. Arise from the same or closely related transactions, happenings, or events; or
- ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
WILLIAM SLATTERY: Los Angeles, CA
ROBERT LEVERETT: Los Angeles, CA
COURTNEY EFTEKHAR: Los Angeles, CA

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
1. GOLDENTREE ASSET MANAGMENT, LP: New York;   2. GTAM SPECIAL REALTY, LLC: Delaware;
3. FTI CONSULTING, INC.: Maryland;   4. GINA GUTZEIT: Los Angeles, CA;   5. RUBIN RODRIGUEZ: Orange County, CA;
6. JOHN VISCONTE (aka Bijan Monoocheri, aka John Manocheri): Los Angeles, CA;   7. RONALD D. GARBER: Los Angeles, CA;
8. CHRISTY FUTAK: Los Angeles, CA;   9. CHRISTOPHER TOTO: Los Angeles, CA.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
Los Angeles, CA

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** *[signature: Alan Hin]*   Date: January 22, 2008

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |